## SAWYERS v. HUTH.

### Ohio Appeals, 7th Dist., Monroe Co.

### Decided May 2, 1928.

### First Publication of This Opinion.

### Syllabus by Editorial Staff.

**DECEDENTS' ESTATES.**

(220 A) A statement in lieu of an account, filed by an administrator, is sufficient in so far as it is correct.

Error to Common Pleas.

Judgment reversed.

Lynch & Sawyers, Moore, Devaul & Moore, Lisbon, for Sawyers.

T. J. Kremer, Esq., Lisbon, for Huth.

### STATEMENT OF FACTS.

John Huth was appointed Administrator of the estate of his deceased wife, Mary Huth. Some time after his appointment, an inventory of personal property was filed, and exceptions filed to the inventory.

Later, a writ or application was filed to remove said Administrator, upon the ground of personal interest; and it was claimed that he was seeking to withhold a part of the property of the estate, and claim it as his own.

Thereupon, Huth filed what is called a statement in lieu of account, in which he tendered his resignation as such Administrator, which was accepted, and an Administrator de bonis non appointed. A motion was filed to strike the statement in lieu of an account from the files, upon the ground that the same is not authorized by law, and that the only way a discharge could be had would be to file a regular account in the Probate Court.

Exceptions were filed to the statement in lieu of an account attacking some of the items thereof, and a motion to strike the exceptions from the files was sustained, and the Common Pleas rendered the same judgment as that rendered by the Probate Court, and it is stated in the journal entry that the Common Pleas heard no testimony upon either side of the case.

FARR, J.

The first issue to be determined is whether or not the paper called a statement in lieu of an account would be sufficient as an account filed in the estate.

An examination of the same discloses that the Administrator claims credit for certain amounts, such as attorney fees $100; amount for purchase of monument $225; amount advanced for funeral expense $153; amount in cash set off to widower $112.

The account filed, although termed a statement in lieu of an account, would be sufficient insofar as correct, and the name given to it would be of no particular moment. Therefore, the conclusion is that the account was sufficient, if correct.

However, the Common Pleas made its finding without any testimony before it, and, for that reason, it follows that the judgment must be reversed, and the cause remanded to the Probate Court where the former Administrator should file a settlement account in the usual way, and permit the same to be passed upon by the Probate Court.

Judgment reversed and the cause remanded to the Probate Court for such proceedings as are authorized by law.

(Pollock and Roberts, JJ., concur.)